IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOY KRISTIN,

    Plaintiff,

v.                                                           Case No.: 3:07cv43/MCR/MD

CARFAX, INC.,

    Defendant.
_____/

**O R D E R**

      This case arises from Plaintiff Joy Kristin's employment with and subsequent termination by Defendant Carfax, Inc.  Kristin has filed a four-count complaint under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA") alleging that she was sexually harassed during her employment with Carfax (Counts I and II) and was terminated in retaliation for reporting the harassment (Counts III and IV).  Pending is Carfax's motion to dismiss Kristin's complaint for failure to state a claim, to which Kristin has responded.  For the reasons that follow, the motion is DENIED.

**Background**

      Kristin began her employment with Carfax on June 18, 2004, as a National Accounts Manager.  Kristin alleges that during her employment she was subjected to sexual harassment by her supervisors.  In her complaint, Kristin includes the following as examples of the harassment she was subjected to:

    -On January 7, 2005, her supervisor asked if he could come join her on a ski trip;

    -On January 8, 2005, Kristin was forced to wear a tee shirt that read "Joy's Boy Toy's";

    -On June 15, 2005, while having dinner with Kristin and a client, Kristin's manager asked her how many customers she had to sleep with in order to get them to sign a

contract.

Kristin alleges she reported her manager's statement of June 15th to her supervisor, who told her not to communicate with any of her coworkers.  Kristin claims she was then denied all travel advances, which were necessary to perform her job, and was later informed that she would not be receiving any further travel advances.  On August 23, 2005, Kristin was terminated from her position with Carfax.

**Legal Standards**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the material allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor.  See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999).  To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must simply give the defendant fair notice of the plaintiff's claims and the grounds on which they rest.  See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged.  See Swierkiewicz, 534 U.S. at 511 (quoting Scheuer, 416 U.S. at 236); United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003).

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.  Rejecting a literal reading of the "no set of facts" rule, the Court held in Twombly that although a complaint need not plead "detailed factual allegations," in order to survive a motion to dismiss the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . "; in other words, the complaint must include "enough facts to state a claim to relief that is plausible on its

face." Twombly, 127 S.Ct. at 1964-65.  The Court further instructed that the "no set of facts" language was "best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969.

Title VII prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin.  42 U.S.C. §§ 2000e-2(a); Gupta v. Florida Bd. of Regents, 212 F.3d 571, 582 (11th Cir. 2000).  Sexual harassment constitutes discrimination based on sex under Title VII.  Mendoza v. Borden, Inc., 195 F.3d 1238, 1244-45 (11th Cir. 1999) (en banc).  To establish a prima facie case of sexual harassment under Title VII a plaintiff must show (1) she belongs to a protected group; (2) she has been subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable exists.[1]  Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1245 (11th Cir. 2004); Watson v. Blue Circle, Inc., 324 F.3d 1242, 1257 (11th Cir. 2003).  To establish a prima facie case of retaliation under Title VII a plaintiff must show (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is some causal relation between the two events.  Lipphardt v. Durango Steakhouse of Brandon, 267 F.3d 1183, 1186-87 (11th Cir. 2001).

**Discussion**

Carfax moves to dismiss both of Kristin's claims under Title VII for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Carfax argues that Kristin's claim for sexual harassment must fail because the

---

[1] Sexual harassment encompasses harassment resulting in a tangible employment action and harassment involving a hostile work environment with no tangible employment action.  A plaintiff must prove the same five elements in either case.  Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1244 n.3 (11th Cir. 2004).

[2] Actions under the FCRA are analyzed under the same framework as Title VII claims.  See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).  Thus the court's analysis of Kristin's Title VII claims applies equally to her parallel claims under the FCRA.

alleged acts of harassment do not show harassment that is sufficiently severe or pervasive to alter the conditions of Kristin's employment and create an abusive working environment. Carfax argues that Kristin's claim for retaliation must fail because she is unable to demonstrate that she had an objectively reasonable belief the act she complained of constituted sexual harassment and thus she cannot show that she engaged in "statutorily protected expression."  See Tatt v. Atlanta Gas Light Co., 138 Fed.Appx. 145, 147 (11th Cir. 2005).

Contrary to Carfax's arguments, to survive a motion to dismiss on these claims Kristin does not need to establish the elements of a prima facie case, but rather must simply provide a short and plain statement of each claim which gives fair notice of what her claim is and the grounds on which it rests.  See Swierkiewicz, 534 U.S. at 512; see also Scheuer, 416 U.S. at 236 ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").  Further, Kristin is under no obligation to identify in her complaint all of the facts she expects to offer in support of her claim.  See Gorski v. New Hampshire Dep't of Corrections, 290 F.3d 466, 474 (1st Cir. 2002) (citing Conley, 355 U.S. at 47).  Kristin must only identify enough facts to provide fair notice to Carfax of the claims against it.[3]  Id.  Finally, the determination of whether the alleged sexual harassment is sufficiently severe or pervasive involves issues that are highly fact-specific, and which require the court to consider the totality of the circumstances.  See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).  Such issues are best left for the trier of fact.  Gorski, 290 F.3d at 474.

Kristin's complaint satisfies the minimal requirements of notice pleading under Rule 8(a).  It gives Carfax fair notice of Kristin's claims for sexual harassment and retaliation and the grounds on which the claims rest.  Under our system of notice pleading Carfax must rely on "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz, 534 U.S. at 512 (citing Conley, 355 U.S. at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and

---

[3] Kristin's complaint states that the acts of sexual harassment she has alleged are only examples of the harassment to which she was subjected.

Coordination Unit, 507 U.S. 163, 168-69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)).

      Accordingly, it is hereby ordered that defendant's Motion to Dismiss (doc. 13) is DENIED.  Carfax shall file an answer to Kristin's complaint within ten (10) days of the entry of this order.  See Fed.R.Civ.P. 12(a)(4)(A).

      ORDERED on this 25th day of January 2008.


                                          s/ *M. Casey Rodgers*
                                    **M. CASEY RODGERS**
                                    **UNITED STATES DISTRICT JUDGE**